UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80004-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARY B. MCCARTY,

    Defendant,
_____/

## SENTENCING MEMORANDUM

While I do not question Ms. McCarty's expressions of remorse, indeed, I believe them to be genuine, certain of her arguments deserve comment. Her lawyers challenge the federal anti-corruption honest services law, going so far as to call it an infringement on state's rights. They suggest that Ms. McCarty has simply committed a state ethics violation.

I strongly disagree. Ms. McCarty has committed a serious federal crime. The honest services law has been on the books for twenty years. It was passed by Congress in direct response to a Supreme Court decision reversing convictions of some Kentucky State Officials. It was enacted in recognition of the reality that more sophisticated forms of political corruption rarely involve the delivery of a bag of cash in exchange for an identified vote. It was directed at public officials at both the federal and state level who use their office for private gain.

The law was enacted with strong bipartisan support, its sponsors included Senators Joe Biden, Mitch McConnell, and Strom Thurman. The Department of Justice urged its passage. While the Honest Services Statute has its critics, including a Supreme Court Justice, who argue that the law sweeps too broadly, it has been repeatedly upheld by the appellate courts, including the Court of Appeals for this Circuit. The Law is Straightforward:

> When a political official uses her office for personal gain, she
> deprives her constituents of their rights to have her perform her
> official duties in their best interest . . . . If an official instead

> secretly makes her decision based on her own personal interests –
> as when an official accepts a bribe or personally benefits from an
> undisclosed conflict of interest, the official has deprived the public
> of her honest services.

*See, U.S. v. Walker*, 490 F.3d 1282, 1297 (11th Cir. 2007).

The most puzzling and, in my view, convoluted argument submitted by Ms.McCarty is in Exhibit VIII of her sentencing memorandum. A former member of the Florida Commission on Ethics writes that in enacting its ethics laws, the Florida Legislature eliminated criminal penalties, opting instead for a system of administrative procedures including fines. From this he concludes that the federal government is interfering in what should be regarded as a State of Florida matter, and has no jurisdiction whatsoever. Finally, he asserts that any prison term or criminal penalty for Ms. McCarty would be inappropriate.

I don't know what to make of these arguments. First, I see no indication that the Florida Legislature has sought to decriminalize public corruption. Section 122.317, Florida Statutes, provides for penalties for violation of the State Ethics Code, including removal from office, forfeiture of pay, and a fine of up to ten thousand dollars ($10,000.00). It also, however, expressly provides that these penalties are "in addition to any criminal penalty or other civil penalty involved." In fact, the recent presentment of the Palm Beach County Grand Jury following its investigation of Public Corruption recommends that Florida adopt its own Anti-Corruption Statute for "Theft or Deprivation of Honest Services."

Second, the federal government has consistently exercised broad power in the area of voting rights and political corruption. In sponsoring the "Honest Services Law," Senator Mitch McConnell noted that the shameful record in many states had led to public cynicism about local law enforcement efforts against public corruption. Officials whose convictions in this Circuit have been upheld by the Court of Appeals include the Governor of Alabama, A Georgia State Legislator, an Atlanta City Council member, various judges in Dade County, and a County Commissioner in Lee County, Florida.[1] Sentencing in these cases ranged from 27 months to ten

---

[1] *See, e.g., U.S. v. Siegelman*, 2008 WL 45531(11th Cir. 2008); *U.S. v. Walker*, 490 F.3d 1282 (11th Cir. 2007); *U.S. c. McCarter*, 219 Fed. Appx. 921 (11th Cir. 2007); *U.S. v. Wall*, 2007 WL 25487 (S.D. Ala. Jan. 3, 2007); *Castro v. U.S.*, 89 F.3d 1443 (11th Cir. 1996); *U.S. v. Hasner*, 340 F.3d 1261 (11th Cir.2003); *U.S. v. Lopez-Lukis*, 102 F.3d 1164 (11th Cir. 1997); *U.S. v. Paradies*, 98 F.3d 1266 (11th Cir. 1996).

years. Nationally, 186 cases have been sentenced in the past two years where Honest Services Fraud was one of the statutes of conviction with an average sentence of 32 months.

Finally, Ms. McCarty has pled guilty to violating this law. If she thought it was unconstitutional she should have challenged it – not claim to accept responsibility, but ask that its criminal penalties be ignored.

While I do not accept her attacks on the honest services law, I am not convinced that the statutory maximum Five (5) year sentence is necessary. I have examined the specifics of the crime, the defendant's history and character, the need to protect the public, the need for punishment and the deterrence of others from similar behavior. That being said, I also find that the year and a day requested by the defendant is not sufficient punishment.

Ms. McCarty's crime is less blatant and more subtle than that of others who have been before the Court. While sophistication is not necessarily a virtue, her crime has been less premeditated than the out and out thievery practiced by some. She participated in a system not entirely of her own making, which has proven to be a recipe for corruption. Her power became beguiling, and she rationalized that in helping her husband's bond business, she was not hurting anyone because money was not coming directly from taxpayers. The pay to play culture created a sense of entitlement to gifts and benefits.

In saying this, I do not minimize the crime. The victim of this behavior is democracy and a shared belief that a public office is a public trust. However, the good that Ms. McCarty has accomplished for the community should not be discounted. Her hard work, energy and determination have produced significant benefits which remain on the plus side of her ledger.

There is not a need to protect the public from future crimes by this defendant. Ms. McCarty is unlikely to regain political power, and if she did, unlikely to repeat this crime. That brings us to punishment and deterrence.

This is in part a financial crime. While Ms. McCarty and her husband agreed to forfeit $272,000 as payment for their illicit gains, this simply repays monies that should never have been obtained. It is restitution not punishment. A fine is therefore appropriate.

A sentence must be a strong statement that this behavior is intolerable, and should not be repeated. While I disagree with those who argue that the statutory maximum should be imposed, to be reasonable a sentence needs to be harsh enough to reflect the seriousness of the crime and

to deter others from similar conduct. But it should not be greater than necessary to accomplish these purposes. Punishment should also be imposed swiftly. To this end, I intend to remand the defendant at the conclusion of this hearing.

For these reasons, upon consideration of the advisory guidelines, the Section 3553 factors, the plea agreement, and the recommendations of the parties, and pursuant to the authority of the Sentencing Reform Act, it is the Judgment of the Court that Mary McCarty is committed to the Bureau of Prisons to be imprisoned for 42 months. It is further adjudged that she pay to the United States a fine of $100,000.00.

The fine is payable immediately. The U.S. Bureau of Prisons, U.S. Probation and the U.S. Attorney's Office are responsible for enforcement of this order.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. Within 72 hours of release, the defendant shall report in person to the probation office in the district where released. While on supervised release, the defendant shall not commit any crimes, shall be prohibited from possessing a firearm or other dangerous devices, shall not possess a controlled substance, shall cooperate in the collection of DNA, and shall comply with the standard conditions of supervised release, including the following special conditions:

**Substance Abuse Treatment, Financial Disclosure Requirement and Employment Requirement as noted in Part G of the presentence report**

The defendant shall immediately pay to the United States a special assessment of $100.00 payable to the Clerk, United States Courts.

DONE and ORDERED in Chambers, at West Palm Beach, Florida this 4th day of June, 2009.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE